# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Allen L. Pyron, | Case No. 20-CV-1017 (ECT/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Thane Murphy, Office of Special Investigations – Moose Lake; Tina Joseph, Accounting Technician, MSOP-Moose Lake; Emily Johnson, U.S. Bank Sales & Service Manager; and Tony Vittorio, U.S. Bank Branch Manager, sued in their individual and official capacities, | |
| Defendants. | |

Plaintiff Allen L. Pyron, a client of the Minnesota Sex Offender Program ("MSOP"), alleges that his constitutional and federal statutory rights were violated when employees of U.S. Bank shared his bank records with investigators at MSOP. Mr. Pyron did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Mr. Pyron qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v.*

1

*Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Pyron alleges that during the course of an investigation into his financial activities, MSOP officials asked for and received his bank records from employees of a local branch of U.S. Bank without a warrant or subpoena. Based on this allegation, Mr. Pyron brings two claims for relief — a claim brought pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights, and a claim brought pursuant to the Right to Financial Privacy Act ("the RFPA"), 12 U.S.C. § 3401 et seq.

Mr. Pyron's § 1983 claim is squarely foreclosed by *United States v. Miller*, 425 U.S. 435 (1976). "[I]n any given § 1983 suit, the plaintiff must . . . prove a violation of the underling constitutional right . . . ." *Daniels v. Williams*, 474 U.S. 327, 330 (1986). Mr. Pyron's § 1983 claim is grounded in the proposition that the accessing of his bank records violated his Fourth Amendment rights. The Supreme Court in *Miller*, however, found that a depositor has no legitimate expectation of privacy in third-party bank records and thus that the Fourth Amendment does not protect against searches of those records. *See Miller*, 425 U.S. at 440-43; *accord, e.g.*, *Hoffman v. Beseler*, 760 Fed. App'x 775, 778 (11th Cir. 2019) (per curiam); *United States v. First Nat. Bank of the Black Hills, Mt. View*, 626 F.2d 605, 607 (8th Cir. 1980). Mr. Pyron's constitutional claim therefore fails.

That the Fourth Amendment does not extend to third-party bank records is much of the reason the RFPA exists at all. *See McDonough v. Widnall*, 891 F. Supp. 1439, 1447 (D. Colo. 1995) ("Congress passed the RFPA in response to the Supreme Court's holding that a bank customer has no constitutionally protected privacy interest in bank records."). Although the search of third-party bank records does not amount to a constitutional violation, such a search can, in some circumstances, amount to a statutory violation under the RFPA for which monetary damages are available. But the RFPA applies only to searches by "Government authorit[ies]," 12 U.S.C. § 3202, a term that is defined by the statute to include only "any agency or department of the United States, or any officer, employee, or agent thereof," 12 U.S.C. § 3201(3). "As a result, the RFPA only applies to federal actors . . . ." *Sornberger v. First Midwest Bank*, 278 F. Supp. 2d 935, 938 (C.D. Ill. 2002) (citing *United States v. Zimmerman*, 957 F. Supp. 94

3

(N.D.W.Va. 1997)). None of the defendants is an agent of the United States government or has been alleged to have acted in conjunction with the United States government. Accordingly, the RFPA does not apply.

Because Mr. Pyron has not pleaded a viable claim for relief under either § 1983 or the RFPA, and because any amendment of the complaint appears to be futile, it is recommended that this action be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Allen L. Pyron [ECF No. 2] be DENIED.

Date: May 18, 2020

s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).